**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

NIGEL TAHJEE REDDING,

                 Plaintiff,

     v.

EXPERIAN   INFORMATION   SOLUTIONS,
INC. and TRANSUNION, LLC,

                Defendants.

Civil Action No.: 25-16110

**OPINION & ORDER**

**CECCHI, District Judge.**

Before the Court is the motion of defendants Experian Information Solutions, Inc. and Trans Union, LLC[1] ("Defendants") to dismiss (ECF No. 15; *see also* ECF No. 17) *pro se* plaintiff Nigel Tahjee Redding's ("Plaintiff") complaint.  ECF No. 1 ("Compl." or "Complaint").  Plaintiff opposed the motion, ECF No. 18, and Defendants replied.  ECF No. 21.  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendants' motion is granted.

I.     **BACKGROUND**

Plaintiff alleges that he submitted multiple written disputes to Defendants, both consumer reporting agencies, concerning "inaccurate and unverifiable accounts appearing" on his credit reports.  Compl. at 3.  He alleges that despite receiving such notice, Defendants "failed to conduct reasonable reinvestigations, failed to delete inaccurate information, and continued to report derogatory tradelines."  *Id.*  They further "failed to mark accounts as 'in dispute' as required by the [Fair Credit Reporting Act ("FCRA")]."  *Id.*  As a result, Plaintiff alleges that he was denied credit, housing, and other financial opportunities.  *Id.*  Additionally, he asserts that "Defendant

---

[1] Trans Union, LLC was improperly pled as TransUnion, LLC.  *See* ECF No. 17 at 1.

Transunion admitted by letter that [his] personal data was involved in a cyber incident, . . . compounding [his] injuries." *Id.*

Based on the foregoing, Plaintiff asserts claims under the FCRA and seeks approximately $200,000 in damages. *See id.* at 2–4 & Ex. A. Defendants now move to dismiss. ECF No. 15.

## II.   <u>LEGAL STANDARD</u>

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008). Further, although *pro se* complaints are to be construed liberally, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Williams v. TransUnion LLC*, No. 24-6650, 2025 WL 3628618, at *2 (D.N.J. Dec. 15, 2025) (citation omitted).

## III.   <u>DISCUSSION</u>

Given Plaintiff's *pro se* status, the Court construes the Complaint liberally to identify the following claims under the FCRA. *See Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *2 (D.N.J. Jan. 17, 2020). First, Plaintiff asserts that Defendants maintained inaccurate information in his credit reports, Compl. at 3, which implicates section 1681e(b). Section 1681e(b)

provides that "[c]onsumer reporting agencies are required to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Wadlington v. Equifax*, No. 23-3277, 2024 WL 3049576, at *3 (E.D. Pa. June 18, 2024) (quoting 15 U.S.C. § 1681e(b)).  Second, Plaintiff's allegations that Defendants "failed to conduct reasonable reinvestigations," including by "fail[ing] to mark accounts as 'in dispute,'" Compl. at 3, implicate section 1681i(a).  Under this provision, Defendants are required to "conduct a reasonable reinvestigation to determine whether the disputed information [in his credit reports] is inaccurate." *Wadlington*, 2024 WL 3049576, at *3 (quoting 15 U.S.C. § 1681i(a)(1)(A)).  It also requires Defendants to notify a furnisher—someone who provides credit information to consumer reporting agencies—when a consumer has disputed the information provided by that furnisher.  15 U.S.C. § 1681i(a)(2)(A).[2]

Plaintiff has not stated a claim under section 1681e(b) or section 1681i(a).  Under either provision, he must plausibly allege that the reported information in dispute was inaccurate. *Wadlington*, 2024 WL 3049576, at *3 (collecting cases).  This includes specifying "how or why any information was inaccurate" and "identify[ing] the [inaccurate] information." *Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024).  He has not done so, however, as he provides only conclusory assertions that there were "inaccurate and unverifiable accounts" on his credit reports and that the reports contained "inaccurate information."  Compl. at 3.  And to the extent that Plaintiff included additional information

---

[2] In the Complaint, Plaintiff asserts that his "data was involved in a cyber incident" at Trans Union.  Compl. at 3. Plaintiff provides no further elaboration on the nature of this data breach or what information was accessed, and the parties do not appear to address this allegation in their motion papers.  Nevertheless, to the extent that Plaintiff meant to assert a claim under the FCRA against Trans Union based on this incident, such a claim would fail. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, No. 17-2800, 2022 WL 1122841, at *10 (N.D. Ga. Apr. 13, 2022) (dismissing FCRA claims based on the theft of personal data from a consumer reporting agency); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1312–14 (N.D. Ga. 2019) (same); *In re Experian Data Breach Litig.*, No. 15-1592, 2016 WL 7973595, at *1–2 (C.D. Cal. Dec. 29, 2016) (same).

3

concerning these inaccuracies in his exhibits, "a District Court is not obligated to discern claims from exhibits attached to a complaint." *Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573, at *2 (3d Cir. Dec. 22, 2023) (affirming the dismissal of a *pro se* complaint); *see also Moorehead v. Sch. Dist. of City of Allentown*, No. 22-3959, 2023 WL 2976556, at *23 (E.D. Pa. Apr. 17, 2023) (stating that a court need not "hunt through" the exhibits attached to a complaint to "cobble together a plausible claim on behalf of [a] [p]laintiff"). Therefore, given the lack of specificity about what reported information was inaccurate, Plaintiff has failed to state a claim under sections 1681e(b) or 1681i(a). *Wadlington*, 2024 WL 3049576, at *3–4 (dismissing claims under both sections); *Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-21732, 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025) (dismissing claims under sections 1681e(b) or 1681i(a) where the plaintiff merely alleged that information on his credit report was "inaccurate" without further elaboration); *Berry v. Equifax Info. Servs., LLC*, No. 24-2864, 2024 WL 3696487, at *3–4 (E.D. Pa. Aug. 7, 2024) (dismissing claims under sections 1681e(b) or 1681i(a) where the plaintiff did not allege how the reported information was inaccurate); *Cunningham v. Trans Union, LLC*, No. 22-3331, 2024 WL 7011762, at *1 (S.D. Ohio Apr. 19, 2024) (dismissing a claim under section 1681i(a)(2) for failure to plausibly allege an inaccuracy).[3]

## IV.    CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 25th day of June, 2026;

**ORDERED** that Defendants' motion to dismiss (ECF No. 15) is **GRANTED**; and it is further

---

[3] Plaintiff additionally alleges that the asserted violations of the FCRA were willful under section 1681n. *See* Compl. at 3. However, "[b]ecause Plaintiff has not stated a plausible underlying violation of either § 1681e(b) or § 1681i(a), there is no reason to address whether the Complaint adequately alleges that Defendant[s] willfully violated the FCRA." *Williams*, 2025 WL 3628618, at *4 n.3.

4

ORDERED that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice; and it is further

ORDERED that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order.  Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

ORDERED that the Clerk's Office is directed to mark this case as **CLOSED**; and it is further

ORDERED that the Clerk's Office shall serve a copy of this Opinion and Order upon Plaintiff by regular U.S. mail.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**